UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Ortiz,<br><br>   Plaintiff,<br><br>   v.<br><br>Commissioner of Social Security,<br><br>   Defendant. | No. 2:21-cv-01563 KJM-DMC<br><br>ORDER |

      Luis Ortiz brings this action under 42 U.S.C. § 405(g) for review of a decision by the Commissioner of Social Security (the Commissioner). The Commissioner denied him benefits based on an administrative law judge's (ALJ) decision that he was not "disabled" under the Social Security Act. *See* Admin. Record (AR) at 25–35, ECF No. 14-1. Both Ortiz and the government moved for summary judgment. ECF Nos. 17 and 21.

      The motion was referred to a United States Magistrate Judge as provided by Eastern District of California local rules, and the magistrate judge filed findings and recommendations. ECF No. 23. The magistrate judge recommends the ALJ's denial be upheld, concluding it is supported by substantial evidence. *See generally* F & Rs, ECF No. 23. The magistrate judge's findings and recommendations permitted objections within fourteen days, *see id.*, and Ortiz filed an objection, arguing that the ALJ erred in not finding Ortiz's polyarthritis and degenerative disc disease severe under step two, and when he ignored all the proffered opinions by medical experts

1

in the record when he decided Ortiz's residual functional capacity (RFC). *See generally* Objs., ECF No. 24. The government has provided a response to Ortiz's objections. *See* Response, ECF No. 25.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court **declines** to adopt the findings and recommendations because it finds the ALJ arbitrarily substituted his own judgment for that of medical experts. The court remands the matter for the ALJ to recalculate Ortiz's RFC based on the medical opinions in the record.

I.     **THE DISABILITY STANDARD**

Title 42 U.S.C. § 405(g) grants the court authority to review decisions by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal marks omitted). [T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). "Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate." *Wiley v. Colvin*, No. 15-1618, 2016 WL 8731434, at *3 (C.D. Cal. Mar. 18, 2016) (citing *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his

2

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step process to evaluate a claim of disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through each step until he or she arrives at a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929. The steps are as follows: (1) has a claimant engaged in substantial activity during the period of alleged disability, (2) has the claimant had medically determinable "severe impairments," (3) whether these impairments meet one of the listed impairments set forth in the appendix of 20 C.F.R. Pt. 404 Subpt. P, App 1 (the Appendix), (4) whether the claimant retained the RFC to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a)–(f). The claimant bears the burden at steps one through four and the Commissioner bears the burden at step five. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

III.    THE ALJ'S DECISION

On April 1, 2019, Ortiz filed an application for Social Security Disability Insurance Benefits for arthritis, diabetes, shingles, back pain, and other ailments. *See* AR Ex. 1A. He claimed his disability began on January 1, 2014. AR Ex. 1D. Evidence submitted for an evaluation of Ortiz included his medical records dating from 2013 to 2020, *see id.* Exs. 1F–2F, 4F–9F, as well as three opinions of Ortiz's physical condition by medical doctors—Drs. Sharma, Amon and Dipsia—who reviewed his records. *See id.* Exs. 3F, 1A–2A, 8A. At the hearing, Ortiz testified as did a vocational expert. *See id.* at 41–63.

Under step one, the ALJ found Ortiz had not engaged in substantial activity since his application date. *See* AR at 27–28. The ALJ found Ortiz's diabetes mellitus qualified as a severe impairment under step two. *Id.* at 28. Under step three, the ALJ did not find any of Ortiz's

impairments met the severity of one of the impairments listed in the Appendix. *Id.* at 29–30. At step four, the ALJ provided Ortiz with an RFC of "full range of medium work,"—"involv[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," 20 C.F.R. § 404.1567(c)—which combined with his advanced age led to a determination that he was not disabled. *Id.* at 30–35.

The ALJ made this ruling in spite of three medical professionals who, after evaluating Ortiz and his medical history, observed that he could not lift more than 25 pounds during a work setting. *See id.* Exs. 3F, 1A–2A, 8A. Nevertheless, the ALJ found these opinions to be unreliable because they did not fully consider the evidence of Ortiz's being non-compliant in taking his diabetes medication, because treatment for Ortiz's back had been "conservative" in the past and because their findings contradicted the notes of Social Security field agents, who, the ALJ claims, when interviewing Ortiz, noted he experienced "no difficulty sitting, standing, walking [or] breathing." *See id.* at 31–32. The agents' notes, according to the ALJ, "represent a unique insight into the claimant's functionality, capturing an impression of the claimant's capacities outside the context of a formal medical evaluation." *Id.* at 32. These "unique insights," however, are not memorialized, as the agents appear to have written nothing in their report under the "observations/perceptions" section. *See id.* Ex. 2E. The ALJ appears to rely only on checked boxes on a form. *See id.* Further, because they were not conducting a medical examination, the agents' "unique insight[s]" did not include information relating to Ortiz's diabetes, his reported back and knee pain and his ability to lift heavy objects. *See id.*

**IV.     ANALYSIS**

The court finds the ALJ's decision is not supported by substantial evidence because the ALJ arbitrarily substituted his own judgment for competent medical opinions. *See de Gutierrez v. Saul*, No. 19-0463, 2020 WL 5701019, at *5 (C.D. Cal. Sept. 23, 2020) (citing *Tackett*, 180 F.3d at 1097) (holding the ALJ erred in rejecting physicians' opinions and rendering his own medical opinion). The evidentiary record shows that Ortiz's lift/carry capacity is 25 pounds or less and his ability to stand in a given workday is limited to roughly six hours. *See* AR Exs. 3F, 1A–2A, 8A. Three doctors gave a substantially similar diagnosis and the ALJ admits their conclusions are

4

1  "supported by a thorough review of the evidence with citations and explanations for the
2  claimant's limitations up to the date of evaluation." *Id.* at 32.  Dr. Sharma concluded that Ortiz is
3  able to lift up to 20 pounds and 10 pounds regularly.  *Id.* Ex. 3F.  Dr. Sharma, further, states that
4  Ortiz's ability to stand is limited to "6 hours cumulatively" in an 8-hour workday.  *Id.* Ex. 3F.
5  Dr. Amon, who did not uncritically accept all of Ortiz's claims about his disability, *see id.* Ex.
6  2A, declared Ortiz is able to lift up to 25 pounds and can stand for up to 6 hours per workday, *see*
7  *id.*  Dr. Dipsia rendered an almost identical diagnosis as Dr. Amon.  *See id.* Ex. 8A.
8      The government asks the court to uphold the ALJ's opinion relying in part on *Farlow v.*
9  *Kijakazi*.  53 F.4th 485 (9th Cir. 2022); Response at 3–4.  In *Farlow*, the ALJ decided against a
10  medical opinion when crafting an RFC because the opinion was contradicted by clear medical
11  evidence in the record.  *Farlow*, 53 F.4th at 489.  But there is no evidence of clear error here.
12  Three doctors provided similar medical opinions on Ortiz's condition, which the ALJ admitted
13  were grounded in the medical record.  *See* AR at 32.  To rebut these medical opinions, the ALJ
14  relied on his own observations, conclusory characterizations made by non-medical professionals
15  and a claim that the medical doctors ignored Ortiz's repeated failures to take his diabetes
16  medication.  *See id.* at 31–32.  As Ortiz points out, there is almost no correlation between the
17  diagnoses of Drs. Sharma, Amon and Dipsia—who were evaluating for the most part Ortiz's back
18  pain and mobility—and whether or not Ortiz regularly took his diabetes medication.  *See* Objs. at
19  6.  Further, there is no indication that the doctors, having reviewed his record, did not know about
20  Ortiz's occasional failure to take his diabetes medication.  The remainder of the ALJ's rationale is
21  comprised at best of his characterization of the same medical evidence the three doctors used to
22  form a different conclusion.  *See* AR at 31–32.  The ALJ's characterization, using the same
23  evidence as three medical professionals who all formed different opinions, is not the "more than a
24  mere scintilla" of evidence necessary for this court to uphold the ALJ's finding.  *See Saelee v.*
25  *Chater*, 94 F.3d at 522.
26  **V.    REMAND**
27      In general, "the proper course, except in rare circumstances, is to remand to the agency for
28  additional investigation or explanation."  *Benecke v. Barnhart*, 379 F.3d 1157, 1164

(9th Cir. 2012). The court finds remand to be appropriate as it is unclear, given the medical opinions in this case, whether Ortiz should have an RFC for light work only or for a less than full range of medium work. 20 C.F.R. § 404.1567(C). Dr. Sharma's conclusions point to a conclusion of "light work" while Drs. Amon and Dipsia's conclusions fall somewhere in between a full range of medium work and light work. *See* AR Exs. 3F, 1A–2A, 8A. Remand is also appropriate as it is unclear if Ortiz qualifies as disabled under the Social Security Act. *See Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014). On remand, the ALJ should consider the medical opinions as well as the other evidence in the record and make a new finding of Ortiz's RFC. Having found that remand is warranted, the court declines to address Ortiz's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.")

## VI. CONCLUSION

The court **orders** the following:

- The Findings and Recommendations (ECF No. 23) **are not adopted**; and
- This matter is **remanded** for the ALJ to recalculate Ortiz's RFC based on the medical opinion and other evidence in the record.

IT IS SO ORDERED.

DATED: February 7, 2025.

_____
UNITED STATES DISTRICT JUDGE