UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Ortiz, | No. 2:21-cv-01563 KJM DMC |
| Plaintiff, | ORDER |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

    Luis Ortiz brought this action with retained counsel for judicial review of a final decision of the Commissioner of Social Security under the Social Security Act, 42 U.S.C. § 405(g). The court remanded Ortiz's case to the Administrative Law Judge (ALJ) to recalculate Ortiz's residual functional capacity (RFC) based on the medical opinions in the record and granted judgment in Ortiz's favor under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Ortiz now moves for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.§ 2412. As explained more fully below, the court **grants** Ortiz's motion.

/////

/////

/////

/////

1

## I.    BACKGROUND

Ortiz initially applied for social security benefits on April 1, 2019. Admin. Record (AR) at 25, ECF No. 14-1.[1] After a hearing, the ALJ found Ortiz was not disabled in part because he had an RFC of full range of medium work. *See id.* at 25–35. After the Appeals Council declined review, Ortiz appealed to this court and moved for summary judgment. *See* Soc. Sec. Compl., ECF No. 1; Pl.'s Mot. Summ. J., ECF No. 17. The government also moved for summary judgment. *See* ECF No. 21. The assigned magistrate judge issued findings and recommendations recommending the court deny Ortiz's motion for summary judgment, grant the government's motion for summary judgment and affirm the government's final decision on Ortiz's social security benefits application. *See* F&Rs at 15, ECF No. 23. Ortiz objected, arguing this court should not adopt the magistrate judge's recommendations because, in pertinent part, the ALJ ignored three relevant medical opinions. *See* Objs. at 4–5, ECF No. 24. After evaluating the record, the court agreed the ALJ had improperly relied on his own lay opinion, which was contradicted by the opinions by three medical experts. *See* Order (Feb. 10, 2025) at 4–5, ECF No. 28. The court also found the ALJ had not properly analyzed the record in other respects, such as by placing too much weight on the observations of field agents who had not actually recorded any reliable "observations/perceptions" in their report. *See id.* at 4. The court remanded the matter for the ALJ to recalculate Ortiz's RFC and granted judgment in Ortiz's favor under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *See id.* at 6; ECF No. 37.

On May 12, 2025, Ortiz moved for attorneys' fees under the EAJA, seeking $10,609.67. *See* Mot., ECF No. 30; Mem. at 3–6, ECF No. 30-1. The government opposes the motion, arguing its position during the prior proceedings was substantially justified. *See* Opp'n at 2–8, ECF No. 34. In the alternative, the government seeks a reduction of the award to $8,871.05. *See id.* at 8–11. The motion is now fully briefed. *See* Mot.; Opp'n; Reply, ECF No. 35. The court took the matter under submission without hearing oral argument. *See* E.D. Cal. L.R. 230(g).

---

[1] All page citations are to the top right by the CM/ECF system.

## II. THE EAJA

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A claimant who receives a sentence four remand is a prevailing party for the purposes of the EAJA. *See Shalala v. Shaefer*, 509 U.S. 292, 301–02 (1993). The parties do not contest Ortiz's status as a prevailing party for the purposes of the EAJA. Further, to obtain attorneys' fees under the EAJA, the prevailing party's net worth must be below $2 million. *See* 28 U.S.C. § 2412(a)(2)(B). Ortiz's counsel, Eddy Pierre Pierre has declared, and the government does not disagree, that Ortiz's net worth is below $2 million. *See* Pierre Pierre Decl. ¶ 17, ECF No. 30-2. The government argues only that its position was substantially justified and a portion of Ortiz's request for attorneys' fees is unreasonable. The court addresses each of these arguments in turn.

### A. Substantially Justified?

The government has the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id.* Because the government has the burden to prove both its litigation position and the underlying agency action were substantially justified, if the court finds the underlying agency action was not substantially justified, the court may not need to evaluate the government's litigation position. *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). To be substantially justified, the government's position should be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position must be substantially justified in both "law and fact." *Id.* A finding that an ALJ's decision is not

3

1  grounded in substantial evidence almost always also yields a finding that the ALJ's decision also
2  was unreasonable. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be
3  only a decidedly unusual case in which there is substantial justification under the EAJA even
4  though the agency's decision was reversed as lacking in reasonable, substantial and probative
5  evidence in the record.").

6  Here, the court finds the underlying agency action was not substantially justified. While
7  an ALJ may evaluate the entire record when crafting the RFC, *see Vertigan v. Halter*, 260 F.3d
8  1044, 1049 (9th Cir. 2001), the ALJ's decision must still be grounded in substantial evidence, and
9  thus the weighing of the evidence must be reasonable. *See Meier*, 727 F.3d at 870. The Ninth
10 Circuit has held that failing to provide clear and convincing reasons for discounting medical
11 testimony is a "serious procedural error" and is "difficult to justify." *Murphy v. Colvin*,
12 No. 14-3784, 2016 WL 1410279, at *2 (N.D. Cal. Apr. 11, 2016) (quoting *Shafer v. Astrue*,
13 518 F.3d 1067, 1071–72 (9th Cir. 2008), and *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir.
14 1998)). Here, in light of the Ninth Circuit authority, the ALJ's reliance on unrecorded
15 observations by field agents and his rejection of three medical opinions was not reasonable. This
16 is thus not an "unusual case" in which the underlying agency action is reasonable despite its not
17 being grounded in substantial evidence. *See Thangaraja*, 428 F.3d at 874.

18 The government argues this is a case in which "reasonable minds could and did differ."
19 Opp'n at 8 (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 621 (9th Cir. 2005)). It
20 argues the ALJ's decision was grounded in the evidentiary record. As support, the government
21 cites to *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) and *Hardisty v. Astrue*, 592 F.3d
22 1072, 1079 (9th Cir. 2010), two cases in which the Ninth Circuit upheld district courts' denials of
23 attorneys' fees even after finding the ALJ's decision was not grounded in substantial evidence,
24 *see* Opp'n at 3. Both of those cases involved the mischaracterization of testimony. *See* Lewis,
25 281 F.3d at 1084; *Hardisty*, 592 F.3d at 1079. . In *Lewis*, for example, even though the ALJ had
26 mischaracterized the claimant's testimony, the Ninth Circuit found the district court had not
27 abused its discretion because the district court found the ALJ's opinion reasonably relied on
28 inferences drawn from the undisputed record. 281 F.3d at 1084. Similarly, in *Hardisty*, although

4

the ALJ had erroneously mischaracterized petitioner's testimony, the Ninth Circuit held the district court had not abused its discretion in holding the ALJ's opinion was reasonable because it had relied on petitioner's previous convictions in evaluating his credibility. 592 F.3d at 1079. By contrast, here, the ALJ did not mischaracterize testimony. Instead, the ALJ accepted the testimony of three medical experts, which was grounded in the undisputed medical record, but provided no convincing reasons for discounting that testimony. For example, the ALJ instead drew inferences from investigators' reports when those reports did not support his conclusions . *CF Murphy*, 2016 WL 1410279, at *2 (finding *Lewis* inapposite in case in which "Commissioner failed to present any argument that a reasonable person could conclude the ALJ adequately explained his reasoning and provided clear and convincing reasons for discounting the opinions" of medical experts).

The government also argues the court should find the ALJ's decision was reasonable because the magistrate judge recommended upholding the ALJ's final decision. *See* Opp'n at 4 (citing *Pannozzo v. Barnhart*, 159 F. App'x 791, 793–94 (9th Cir. 2005); *Joyce M.D. v. Kijikazi*, No. 22-0318, 2024 WL 3997062, at *1 (S.D. Cal. Aug. 29, 2024); *Nash v. Comm'r of Soc. Sec.*, No. 12-0694, 2014 WL 670050, at *4 (E.D. Cal. Feb. 20, 2014); *findings and recommendations adopted*, No. 12-0694, 2015 WL 176432 (Jan. 13, 2015); *Perez v. Astrue*, No. 10-0944, 2012 WL 1911927, at *2 (E.D. Cal. May 25, 2012)). District court judges may consider magistrate judges' recommendations when evaluating the reasonableness of a parties' litigation position, but courts are not bound to deny attorneys' fees under the EAJA whenever a magistrate judge has recommended approving the government's position. *See Lewis*, 281 F.3d at 1084. ; Rather, fees are awarded on a case by case basis and here, as noted above, the court has not found the ALJ's decision to be reasonable and thus does not find the magistrate judge's recommendation for upholding the ALJ's decision a factor weighing in the government's factor at this point.

The government has not met its burden to show its position was justified so as to defeat petitioner's attorneys' fees request.

**B.      Reasonableness of Requested Attorneys' Fees**

Attorneys' fees under the EAJA must be reasonable. *See Hernandez v. Kijikazi*, No. 19-

1621, 2022 WL 9452249, at *1 (E.D. Cal. Oct. 14, 2022) (citing 28 U.S.C. § 2412(d)(1)(A) and *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002)). Unreasonable hours are not compensable and "the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *abrogated on other grounds by Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989)). However, if the petitioner provides the court with evidence documenting his counsel's hours, the court generally should "defer to the 'winning lawyer's professional judgment as to how much time was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Ortiz has submitted a declaration from his counsel, Eddy Pierre Pierre, who seeks $10,609.67 based on 39.28 hours worked, billed at a rate of $244.62 per hour, and 10.01 hours of paralegal time at a rate of $100 per hour. *See* Pierre Pierre Decl. ¶¶ 9, 14, 15, ECF No. 30-2. Pierre Pierre bases his rate on the EAJA statutory maximum set by the Ninth Circuit for the year of 2023, the year Pierre Pierre claims he conducted the majority of the work for this case. *See id.* ¶ 15; (citing https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last accessed August 16, 2025)). As evidence, Pierre Pierre has provided a declaration and attached a spreadsheet of his hours worked on the case followed by a short description of the work performed. *See* Pierre Pierre Decl. Ex. A, ECF No. 30-3. Pierre Pierre also has attached an assignment from petitioner Luis Ortiz to Pierre Pierre of all rights to attorneys' fees under the EAJA for his work on this case. *See* Pierre Pierre Decl. Ex. B, ECF No. 30-4. However, as Ortiz acknowledges, any award may be transmitted to Pierre Pierre only after the government determines Ortiz does not have a federal debt that qualifies as an offset. *See Astrue v. Ratliff*, 560 U.S. 586, 596–97 (2010); Mem. at 6.

The government makes several objections to Ortiz's request for attorneys' fees. First, it argues Ortiz's request for 2.5 hours spent reading the government's opposition to Ortiz's motion for summary judgment and 8.75 hours spent writing the reply brief to be excessive. *See* Opp'n at

6

9. The government argues 5.75 of those hours should be excluded. *See id.* The government argues 11.75 hours to write a reply brief is unreasonable because the reply brief "largely reiterated Plaintiff's initial arguments." Opp'n at 9. But as Ortiz points out in reply, the government also acknowledges the reply brief did not only reiterate Ortiz's arguments made in his motion for summary judgment. *See* Reply at 4 (citing Opp'n at 9). Instead, the reply brief attempted to distinguish at least four cases the government raised in its opposition as well as other arguments the government made from the administrative record. *See id.* Further, the reply brief responded to a complex document: the government combined its own motion for summary judgment with its opposition to petitioner's motion in one 38-page filing. *See generally* ECF No. 21. The court finds it was reasonable for Pierre Pierre to spend 2.5 hours reviewing the combined filing. *See* Pierre Pierre Decl. Ex. A at 1. Additionally, district courts in the Ninth Circuit generally have found one hour per page for writing a brief in EAJA cases to be reasonable. *See Murphy*, 2016 WL 1410279, at *3; *Palomares v. Astrue*, No. C-11-4515, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012). Applying this metric, 8.75 hours falls well within the range of what is reasonable for a ten-page reply brief, *see generally* ECF No. 22, especially given the deference owed the prevailing lawyer in resolving EAJA attorneys' fees motions. *See Costa*, 690 F.3d at 1136.

       Ortiz concedes the government's remaining three objections are valid. *See* Reply at 5. The court agrees these objections have merit: (1) 2.51 of Ortiz's paralegal hours should be excluded because the paralegal performed "purely clerical tasks." *See* Opp'n at 9–10 (quoting *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993)). (2) Pierre Pierre improperly billed paralegal time for work labeled "assigned briefs" even though only one attorney worked on the case. *See id.* at 10. The government proposes a one-hour reduction of paralegal billed time. *See id.* (3) Pierre Pierre billed 3.56 hours in 2021 and 0.72 hours in 2022. *See id.* Those hours are subject to the statutory rates of $217.54 per hour and $234.95 per hour respectively, not the 2023 rate of $244.62. *See id.* Sustaining these three objections, the court reduces the fee award at this stage of its analysis to $10,155.30.

Finally, in reply, Ortiz requests 3.5 hours at the 2024 EAJA statutory maximum hourly rate of $251.84, or $881.44 in total, for preparing the reply brief. *See id.* at 5–6. The court finds this additional request reasonable and allowable under the EAJA. *See Guzman v. Comm'r Soc. Sec.*, No. 20-0468, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 20221) (citing *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998)). The court adds $881.44 to the subtotal, bringing the total amount the court finds reasonable to $11,036.74.

Overall, the court finds petitioner's request reasonable. Making an award based on the statutory maximum under the Ninth Circuit's rules for EAJA attorneys' fees awards is uncontested by the parties and other courts have found awarding the statutory maximum in cases like this one is reasonable. *See Thangaraja*, 428 F.3d at 876–877 (statutory maximum calculated by multiplying $125 by annual average consumer price index figure for all urban consumers); *Guzman v. Com. Soc. Sec.*, No. 20-0468, 2021 WL 2534462, at *2 (E.D. Cal. June 21, 2021) (finding hourly rate based upon or below statutory maximum rate to be reasonable). The rate of $100 per hour for paralegal work is reasonable in this District. *See Sunbelt Rentals, Inc. v. Three Bros. Electrical Contractors, Inc.*, 21-1357, 2023 WL 5103739, at *5 (E.D. Cal. Aug. 9, 2023) (collecting cases and finding paralegal rates in this District range from $75 to $150 per hour). Finally, the 39.28 hours billed is reasonable for a social security disability case. *See Costa*, 690 F.3d at 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

### III. CONCLUSION

As described more fully above, the court **grants** Ortiz's motion for attorneys' fees in the amount of $11,036.74. The court directs the government to determine promptly whether Ortiz's attorneys' fees award are subject to any offset permitted under the United States Department of Treasury Offset Program. The court orders the government to mail the payment due to Ortiz's assigned counsel, Eddy Pierre Pierre, taking account of any verifiable offset, within forty-five days of the filed date of this order.

/////

/////

This order resolves ECF No. 30.

IT IS SO ORDERED.

DATED: August 18, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE